1840.

Beach
v.
Bradley.

---

BEACH *vs*. BRADLEY and LAY.

Where the vice chancellor before whom the proceedings were pending, upon the application of the creditor of an habitual drunkard, settled the amount due, and directed the committee to pay the same, together with the costs of the application, out of the estate of the drunkard ; and authorized the committee, if necessary, to sell the real estate for the purpose of raising funds to pay the debt ; and also authorized the creditor to file a bill against the committee to recover his debt and costs, if the order was not complied with ; *Held* that the part of the order authorizing the filing of a bill, after the debt had been liquidated and settled and decreed to be paid, by the previous part of the order, was erroneous ; as subjecting the estate to the costs of a useless litigation. And that the proper course to be pursued in such a case was to compel the committee to comply with the order to pay the debt and costs out of the estate, by summary proceedings against him. Where it is necessary for the creditor of a lunatic or an habitual drunkard to file a bill against the committee, to establish a debt and to obtain satisfaction thereof out of the estate of the lunatic or drunkard, it seems the lunatic or drunkard may also be made a party defendant in the suit ; so as to make the proceedings binding upon him in case he should be restored to the possession and control of his estate before the termination of the suit.

March 3.

THIS case came before the court upon an appeal from a decree of the vice chancellor of the seventh circuit. On the first of November, 1836, upon a settlement between the complainant and the defendant Bradley, as the committee of the person and estate of Lay, an habitual drunkard, there was found due from the estate of Lay a balance of $293,16. On the 5th of the same month, a petition was presented to

the vice chancellor, by whom the committee had been appointed, to compel such committee to pay that balance to the complainant Beach, who was the petitioner. And on the 5th of December the vice chancellor made an order directing the committee to pay the $293,16, together with the interest thereon from the first of November, and also the petitioner's costs upon the application, out of the estate of Lay, within ninety days from the date of the order. And he also authorized the committee, if necessary, to sell the real estate of Lay to raise the requisite funds for that purpose. The order of the vice chancellor also contained the following clause : " And in case the said Samuel Bradley neglects to comply with the requirements of this order, that the said David Beach be at liberty to file his bill in this court to recover his said demand, and the said costs and charges." In February, 1837, the committee contracted for the sale of a part of the real estate of the defendant Lay for the sum of $2600, of which sum $140 was paid down, and the further sum of $360 was to be paid on the first of April thereafter. On the first of March the committee paid to the solicitor of the complainant the $140, and took his receipt therefor ; $35,48 for the costs upon the petition, and the residue on account of the demand of the petitioner ; that sum being all the money the committee then had in his hands belonging to the estate.

On the 10th of March the complainant filed his bill in this cause for the recovery of the whole sum mentioned in the order of the 5th of December, together with the taxed costs of that application ; alleging therein that the committee had not paid the same or any part thereof according to the requirements of that order, and that the same still remained wholly unpaid and unsatisfied. To this bill the committee put in his answer, on oath, admitting the making of the order of December 5th and the sale of the real estate in February thereafter, but denying the allegation in the complainant's bill that the debt and costs mentioned in that order were unpaid, with the exception of twenty-one cents of the debt. On the contrary, he alleged that after the

making of the order he made a settlement with the complainant, in relation to his demand, and also as to certain rents then due and to become due from Beach on account of some part of the estate which had been leased to him, on which settlement it was agreed that those rents should be allowed as part payment of that demand, and that the balance of the same, amounting to $104,73, and the taxable costs upon the petition, should be paid on the first of April thereafter; until which time the complainant agreed to wait for such balance. And that on the first of March he paid the whole of that balance except the twenty-one cents, and also the taxed bill of costs, out of the money received upon the sale of the real estate. The drunkard put in a general answer by his guardian, and the cause was heard on pleadings and proofs as to both. The vice chancellor decreed the payment of the whole sum mentioned in the original order, with interest, except the $140 paid to the complainant's solicitor in March, 1837, together with his costs in this suit. From which decree the defendants appealed to the chancellor.

*J. W. McAllister*, for the complainant. A lunatic and his committee may be joined as defendants, in a bill for the performance of contracts made before inquisition found. (2 *John. Ch. R.* 245. *Vide* 1 *Hoff. Pr.* 61, *n.* 163, *n.* ; *Edwards Par.* 209, 212, 213 ; 1 *Ch. Cas.* 153. 2 *Mad. Ch. Rep.* 754.) The question as to parties is always more or less a matter of discretion resting with the court, and peculiarly so in cases of this kind, where there is no doubt about the plaintiff's claim, and no dispute as to what fund it is to be paid out of ; and where, too, the defendants are both under and subject to the control of the court, one as ward, the other a servant. The lunatic is a proper party, for the reason that the complainant has a right to secure his demand by a lien on his real estate. But if the lunatic is an improper party, it is no defence for Bradley. The bill might be dismissed as to the lunatic and retained as to Bradley—and dismissed too without costs. (2 *Paige*, 123.)

1840.

Beach
v.
Bradley.

The complainant had a right to file a bill for relief under the order of the court granting permission so to do. And the settlement and agreement to wait, &c. alleged in the answer as made on the 7th March, 1837, was not proved, and no consideration for this agreement is alleged or pretended.

*O. H. Platt*, for the defendants. The filing of the bill was unnecessary and is oppressive. The complainant could as well have taken a decree to sell the real estate of the lunatic under the petition as under the bill. The whole matter was before the vice chancellor under the petition, and the complainant took such order as he was advised. The permission in the decree on the petition, to file a bill, must have been intended to apply to a different state of things and to a different kind of relief from that sought in the petition. The lunatic is improperly and unnecessarily made a party. (6 *John. Ch. Rep.* 242. 15 *Ves. jun.* 164.) It is absurd to bring in a party who had no power or capacity of action, except by the very person already before the court as his trustee, and when the court is only to look at the certainty of the debt and to the state of the assets in order to provide for its payment. There has been a settlement and adjustment of the subject matter of this suit between the parties; a balance has been struck and paid; there is nothing left for the action of this court. This is alleged in the answer and proved.

THE CHANCELLOR. If it was proper to file a bill in this case for the recovery of the complainant's demand, I am not prepared to say he had not a right to make the drunkard a party with his committee, so that the former would be bound by the proceedings in case he should be restored to his estate before the termination of the litigation; although it was not necessary, probably, to make him a party for any other purpose.

I have no doubt, however, that the provision contained in the original order, upon the petition, authorizing the

filing of a bill, was erroneous ; on the ground that there was nothing to settle between the parties which rendered the filing of a bill necessary or proper, and that a proceeding by bill, instead of a summary application to compel the committee to comply with the order of the court, must necessarily subject the estate to great and useless expense. After the debt had been liquidated by the order of the court, if the committee neglected to comply with the order to sell the land and pay the amount due, the court, upon a summary application, should have removed him and appointed another in his place who would discharge his duty. And if he had neglected to pay, after he had sold and obtained funds for that purpose, the creditor should have proceeded by attachment to compel payment by him, instead of subjecting the estate to the extra expense of a bill. If this case therefore depended upon the allegations in the complainant's bill alone, I am not prepared to say he ought to be paid his costs of such an unnecessary proceeding, out of the estate in the hands of the committee ; though it might not be right to charge him with the costs of the adverse party, where he has the express permission of the court to proceed by bill in the contingency contemplated. The case, however, does not depend upon questions of this kind, as I am satisfied the decree of the vice chancellor is wrong upon the merits.

The vice chancellor must have founded his decree upon the supposition that the answer, containing the statement of the settlement subsequent to the date of the order, was not responsive to the bill, and that it was not sustained by the proof. But in either view of the case, I think the decision was erroneous. There was, it is true, an evident mistake in the answer, in substituting the word *March* for *December*, as the time when the alleged settlement took place. But that it was a mere clerical mistake is evident from the answer itself ; as the written memorandum, which is stated in the answer to have been made at the same time, and which was set out in the answer in full, was dated on the 7th of *December*, instead of the 7th of *March*. And

the money which was paid pursuant to such agreement is, in another part of the answer, stated to have been made previous to the 7th of *March*. The mistake as to the month in which the settlement was made, therefore, could not have misled the complainant; neither did it in any manner impair the credit of the answer, so far as the same was responsive to the bill. The complainant charges in express terms that he has caused the taxed bill of costs, and the $293,16, to be demanded of the committee, but that he has wholly refused to pay the same, *or any part thereof*. And this statement the committee is required to answer upon oath. In his answer to this he " denies that he has neglected or refused to apply a sufficient part of the avails of the sale to pay and discharge the complainant's demand, with interest thereon, and the costs." But on the contrary he shows, by his answer, that he paid a part of the debt, in the settlement with the complainant, by the relinquishment and discharge of the rent due and to become due from the latter to the estate ; and that the residue of the debt and costs, with the exception of twenty-one cents, was paid to the complainant's solicitor within the ninety days prescribed in the order of the vice chancellor. In addition to this he has proved the truth of the allegation contained in this part of the answer, by the testimony of one witness whose character for truth is not impeached in any material respect. I cannot therefore, without coming to the conclusion that both the committee and the witness have been guilty of deliberate perjury, decide that the complainant had any thing due to him at the time of filing this bill, except the twenty-one cents. And it is perfectly clear, upon this answer and testimony, that if this decree in favor of the complainant is permitted to stand, the claim of the estate against him for the rent of the farm will be forever extinguished.

But it is said that the allegation of the answer and the testimony of the witness as to the settlement and offset of the rent is wholly incredible ; as the complainant could have had no inducement for making such an arrangement.

The witness, however, gives a very rational solution of that difficulty. The complainant was the tenant of the real estate which the committee was directed to sell for the purpose of paying the debt, and he was anxious to continue the tenancy for another year. He therefore had a sufficient inducement for making this arrangement, to prevent the absolute necessity of a sale. And he had the promise of a lease for another year if the farm was not sold before the first of April; in which case the balance due to him on that settlement was to be applied to the next year's rent.

The decree appealed from was, therefore, erroneous, and must be reversed with costs. And the bill must be dismissed with costs; but without prejudice to the right of the complainant to apply to the vice chancellor for the payment of the balance of twenty-one cents, if it is not voluntarily paid to him by the committee.