IVORY WAKEFIELD, in equity, *vs.* JOSIAH F. MARR, guardian of Edward Wakefield.

### Kennebec, 1875.—February 19, 1876.

*Equity. Infancy.*

Where a bill in equity is brought to enforce a trust, the trustee, though a minor, must be made a party.

It cannot be maintained against the guardian of such minor alone.

BILL IN EQUITY asking the court to order one Josiah F. Marr, guardian of Edward Wakefield, a minor, to release and quitclaim to the plaintiff the title to certain real estate held by said minor, which the plaintiff claimed in equity and good conscience belonged to him, he having paid the full consideration therefor. The suit was against the guardian alone, and the only service of the bill was an acknowledgment of the guardian that it had been legally served upon him. The defendant demurred to the bill.

*W. Benjamin,* for the plaintiff.

No counsel appeared for the defendant.

APPLETON, C. J. This is a bill in equity against the respondent as guardian of Edward Wakefield, a minor. It seeks the enforcement of a trust arising by implication of law, and not evidenced by any writing, and to compel the conveyance to the plaintiff of real estate the legal title to which was in the minor by descent, though the purchase money had been wholly paid by the complainant.

The minor is not made a party to the bill. We think he should be. The title to the land is in him, and the conveyance should come from him. The court appoint a guardian *ad litem* to see that his rights are properly defended. An infant institutes a suit in equity by his next friend, and defends by his guardian. The decree when made is against the infant. Story Eq. Pl., § 70. *Walsh* v. *Walsh*, 116 Mass., 377. *Tucker* v. *Bean, post,* 352.

The infant not being made a party, the bill must be dismissed.

*Bill dismissed.*

WALTON, DICKERSON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.