CLARENCE C. ANDREWS, Admr., *vs.* FRANCIS L. O'REILLY
*et al.*

PROVIDENCE—JANUARY 30, 1901.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Equity Pleading and Practice.    Guardian and Ward.    Lunatics.*

In a bill in equity seeking to enforce payment of a debt out of the estate of a lunatic, and calling for an accounting, both the lunatic and his guardian are proper parties defendant.

BILL IN EQUITY for contribution.    The facts sufficiently appear in the opinion.    Heard on demurrer to bill, and demurrer overruled.

STINESS, C. J.    The parties to this suit were co-guarantors upon certain notes, excepting the respondent Alexander T. Cumnock who is the guardian of George W. Cumnock, a co-guarantor, now of unsound mind, and who is made a party in his representative capacity.

The guardian demurs to the bill on the ground that he is not a proper party to the bill.

The rule, stated in Dan. Ch. *130, is that there are some persons whose rights and interests are so mixed up with those of others that a bill cannot be brought against them unless such others are joined as co-defendants ; and there are other persons who, their interests being independent, may be sued alone upon the record, but are incapable, from the want of maturity or the weakness of their faculties, of conducting their own defence and must therefore apply for the assistance of others to do it on their behalf.

In the first class he includes married women whose husbands were to be joined with them ; and in the second infants and persons of weak intellect, for whom the court will appoint guardians.    On page 175 he further states : " An idiot or lunatic may, as we have seen, be made a defendant to a suit ; but where he has been found of unsound mind by inquisition,

he must defend by the committee of his estate, who, as well as the idiot or lunatic, is a necessary party."

Story, Eq. Pl. § 70, simply says that they defend by their committees, who are appointed guardians *ad litem* for that purpose, as a matter of course, by order of court. Beach, 1 Eq. Pr. § 50, says the same thing, adding : "Where a defendant is declared a lunatic after the bill is filed, it is the duty of the complainant to have the guardian made a party to the suit." The implication of the last two authors is that the party under disability is a party to the bill.

In *Brasher* v. *Van Cortlandt*, 2 John. Ch. (N. Y.) 242 (1816), Chancellor Kent held that a lunatic need not be made a party to a bill by a creditor who seeks to obtain payment of a debt out of his estate. He said : "Though the books speak of the lunatic as a proper party (Lloyd's case, Dickens, 460), yet I do not perceive its necessity."

In *New* v. *New*, 6 Paige Ch. (N. Y.) 237 (1837), the bill was brought against the incapable person as a party. In *Beach* v. *Bradley*, 8 Paige, 146, Chancellor Walworth said : "If it was proper to file a bill in this case for the recovery of the complainant's demand, I am not prepared to say he had not the right to make the drunkard a party with his committee, so that the former would be bound by the proceedings in case he should be restored to his estate before the termination of the litigation, although it was not necessary, probably, to make him a party for any other purpose."

The rule, therefore, under the general chancery practice in New York, while it does not seem to be clear as to making the ward a party, is clear as to making the guardian a party. In Maine, when a bill relates to real estate, a minor has been held to be a necessary party. *Wakefield* v. *Marr*, 65 Me. 341; *Tucker* v. *Bean*, 65 Me. 352 ; the guardians having already been made parties in those cases.

(1) We think it has been the uniform practice in this State to make persons under disability parties to a suit in equity, and the court has then appointed guardians *ad litem*.

The reason urged by Chancellor Kent for not making a ward a party in the Brasher case, was that the suit was sim-

ply to collect a debt.    Under our statute, however, that is the strongest reason for allowing both to be parties ; because, under Gen. Laws, cap. 196, § 29, an action for a debt is to be brought against the ward and a copy of the writ served on the guardian.    By analogy, certainly, suits in equity should follow the same course.    As this bill calls for an accounting, the guardian is a proper party for such purpose.

The demurrer is overruled.

*Edward D. Bassett*, for complainants.

*Comstock & Gardner*, for respondents.

