## Sam'l Chandler and Others v. Vandalia P. M. McKinney.

A mortgage given by an infant *feme covert*, to secure the debt of her husband, is absolutely void, and not merely voidable.

Where an infant *feme covert* gave a mortgage to secure the payment of a note against her husband, and a bill in chancery was filed to foreclose it, and a guardian *ad litem* was appointed for the mortgagor in the foreclosure suit, who accepted the appointment, but neglected to answer, and was defaulted, and decree of foreclosure and sale made on such default, giving the infant no day in court after coming of age, and the infant did not come of age until after the time for appealing from the decree had expired; — *Held*, That the decree, as against the mortgagor, was absolutely void, and she might recover possession of the premises in ejectment against persons who derived title through the sale made under the decree.

*Submitted November 26th, 1858. Decided January 11th, 1859.*

Error to Hillsdale Circuit.

The facts are sufficiently stated in the opinion of the Court.

*G. A. Knickerbocker*, and *T. M. Cooley*, for plaintiffs in error:

Jurisdiction of the person of the infant defendant was acquired, in the foreclosure suit, by service of process; and however irregular may have been the subsequent proceedings, the decree is binding on the infant until reversed, and can not be attacked collaterally. — *Huson v. Wallace*, 1 *Rich. Eq.* 6; *Barber v. Graves*, 18 *Vt.* 292; *Dewitt v. Post*, 11 *Johns.* 460. A failure to appoint a guardian *ad litem* does not affect the proceedings when attacked collaterally. — *Austin v. The Charlestown Female Seminary*, 8 *Metc.* 202; *Porter's heirs v. Robinson*, 3 *A. K. Marsh.* 253; *Doe v. Bradley*, 6 *Sm. & Mar.* 485; *White v. Albertson*, 3 *Dev. Law*, 241; *Marshall v. Fisher*, 1 *Jones Law*, 116. But when a guardian is once appointed, and has accepted the appointment, the court does not further look after the interest of the infant — her recourse being against the guardian for injuries occasioned by his neglect or mismanagement. — *Young v. Whittaker*, 1 *Marsh.* 398, 400; *Sheldon v. Newton*, 3 *O. S. R.* 505, 507; *Newport v. Mildmay*, *Cro. Char.* 307; *Note* 2 to *Hesketh v. Lee*, 2 *Atk.* 96.

6 MICH. — P.

*P. Morey,* and *S. T. Douglass,* for defendant in error:

1. The plaintiff being an infant *feme covert,* the mortgage was void. — *Rogers v. Cruger,* 7 *Johns.* 557; *Evelyn v. Evelyn,* 2 *P. Wms.* 671; *Sandford v. McLean,* 3 *Paige,* 117; *Hearl v. Greenbank,* 1 *Ves. Sr.* 298; *Halsey v. Halsey,* 9 *Ves.* 472; *Johnson v. Bayfield,* 1 *Ves.* 314; *Capes v. Hutton,* 2 *Russ.* 357; *Stamper v. Barker,* 5 *Madd.* 100.

2. The decree of foreclosure was void for the reason that the court did not obtain jurisdiction of the infant *feme covert,* and even if it did, no valid decree could be made against her. — *Harris v. Youman,* 1 *Hoff. Ch. R.* 178; *Thayer v. Lane, Walk. Ch.* 202; *Eyre v. Countess of Shaftsbury,* 2 *P. Wms.* 102; *Stephenson v. Stephenson,* 6 *Paige,* 353; *Bulkley v. Van Wyck,* 5 *Paige,* 536; *James v. James,* 4 *Paige,* 115; *Booth v. Rich,* 1 *Vern.* 275; *Price v. Carver,* 3 *Myl. & Cr.* 162.

CAMPBELL J.:

Vandalia McKinney, a married woman, brought ejectment in the court below, to recover possession of certain premises inherited by her.

The defendants set up title under a foreclosure in chancery of a mortgage made by her during her coverture, and while yet an infant. They showed proceedings in chancery, wherein she and her husband were defendants, from which it appears that a bill was filed by the mortgagees, setting up that this mortgage was made to secure a debt of the husband, and that the property belonged to the wife. A guardian *ad litem* was appointed for her, and his default, for want of answer, was taken, and the court refused, on a subsequent motion, to set it aside. A final decree was made June 29th, 1852, for a sale. Plaintiff came of age August 15th, 1852. The property was sold under the decree to some of the defendants in the chancery suit, and the present defendants (plaintiffs in error) claim through that purchase.

The court below held that the proceedings in chancery were entirely inoperative to divest the title of the plaintiff below, and this decision is alleged as error.

We regret that the cause was submitted chiefly on briefs, without a full oral argument, as the questions presented are important, and in some respects novel. We have therefore been compelled to examine them for ourselves, without the aid of a criticism, by counsel, of the cases bearing upon the subject. The proceedings in the chancery suit are of an extra-dinary character. The bill showing that the mortgage was made for the debt of another, the invalidity of such an act by an infant was so obvious that a guardian *ad litem* should have had no difficulty in suggesting the defect to the court. But his failure to do so should not have prejudiced the infant; for the practice has always been perfectly well settled that a court of chancery can not grant a decree even upon his admissions. As against an infant, the case must always be made out by proof. — *Thayer v. Lane, Walk. Ch.* 200. The whole proceeding is suggestive of the strongest suspicion of improper dealing; for we can not believe that the able judge who granted the decree could have had the actual state of the case presented to him. The decree can not be sustained upon any principle whatever. If appealed from, it must necessarily have been reversed. The question before us is, however, whether it can be attacked as invalid. And this is a question of the gravest consequence, involving, on the one side, the sanctity of the decrees of courts, and on the other, the question whether the invalid contracts of infants can, by proceedings during infancy, be placed beyond their power of disaffirmance.

The rule has always prevailed in England and in this country, of giving infants a day in court after their majority. But where a mortgage is in question, and the court, instead of a strict foreclosure, decrees a sale, it has been held in many cases that the infant is bound by such sale. The court of chancery of New York, in *Mills v. Dennis*, 3 *Johns. Ch*

367, held this doctrine. It was there decided in connection with the other doctrine referred to, that no decree could be made against an infant without full proof of the case, and that a sale was permitted because the court might deem a sale better for the infant than a strict foreclosure. By reference to the cases there cited, and others since decided, it will be found that the course was adopted of ordering sales, chiefly to prevent sacrifices of the infant's property where the land was worth more than the mortgage; and upon the principle that the court of chancery had power to convert the estate of infants from realty to personalty, under its general guardianship over them. This authority does not exist now in New York, and the court can not order a sale of infant's lands for any purpose not authorized by statute.—*Rogers v. Dill,* 6 *Hill,* 415. The statutes of New York and of Michigan now expressly authorize sales in mortgage cases; and it is to the statutes we must look for the authority, and for the effect of such sales. But under the English decisions no case can be found where an attempt was made to charge or affect an infant's estate by any mortgage or lien created by the infant; and the whole reasoning of the cases is opposed to the idea that such a thing would have been sanctioned for a moment. There is good sense in the rule as they apply it; for if the property is liable, a sale is the only method of realizing its full value, and a defeasible sale would be almost sure to entail a great sacrifice. The action of the courts is not based upon the idea that an infant is in all cases liable to be bound by a decree.

The contract sought to be enforced, in this case, was not merely voidable, but actually void. It was a contract to secure the debt of another, and could not be beneficial to the infant. It was also made during coverture. It was held in *Thornton v. Illingworth,* 2 *B. & C.* 826, that a contract of this description could not be affirmed, and that, if ratified, the action could only lie on the mere promise, and did not relate back. It was held in *Sandford v. McLean,* 3 *Paige,*

117, and in *Cronise v. Clark*, 4 *Md. Ch. Dec.* 403, that a mortgage by an infant *feme covert*, for the debt of another, was an absolute nullity, incapable of confirmation. A married woman can not bind her lands by any method not authorized by statute, and an infant married woman could not make a statutory conveyance. All of these proceedings took place before the law of 1855, enlarging the powers of married women.

In order to sustain the sale under the decree before us, it is necessary to hold that a contract which is a nullity, and which can not be confirmed by an infant under age, at all, and can only be made valid by a new act, after all disabilities have been removed, is made absolutely and irrevocably binding by the action of a court, while the infant was still under age, and where the only right of appeal given by statute expired before her majority. If such be the law, it is a very singular state of things, and reflects no credit on our judiciary system.

We are not, however, without light upon this subject; and while cases like the present can seldom arise, we have decisions on those which are analogous in principle.

In *Holford v. Pratt, Cro. Jac.* 464, it was held that where writ of error lies, an infant can avoid a judgment against him in no other way; but where no writ of error can be had the judgment may be attacked collaterally. The correctness of this doctrine is recognized in *Austin v. Charlestown Female Seminary*, 8 *Metc.* 196. And that infants can not be regarded as in laches, for not appealing, is decided in *Vallier v. Hart*, 11 *Mass.* 300.

In *Cronise v. Clark*, 4 *Md. Dec. Ch.* 403, already referred to, it was held that a married woman, whose mortgage made in infancy was foreclosed in chancery by a special proceeding, was not obliged to appeal from, or move in, that proceeding, but might treat it as a mere nullity. And in England, the decisions in bankruptcy are important in throwing light on this matter. It has been decided in many cases that a minor can not be made a bankrupt, because his trading contracts are

not for his benefit, and are void. — *O'Brien v. Currie*, 3 *C. & P*, 283; *Ex parte Adam*, 1 *Ves. & B.* 494; *Ex parte Henderson*, 4 *Ves.* 163; *Ex parte Barwis*, 6 *Ves.* 601; *Ex parte Lees*, 38 *Eng. C. L.* 816. In some cases, where deception or other misconduct has taken place, the court has refused to supersede the commission, and left the party to his legal remedy, not questioning the existence of such remedy. In *Belton v. Hodges*, 9 *Bing.* 365, where the infant bankrupt, coming of age, sued the assignee to recover against him for the property which came into his hands, it was objected that the proper course was to move for a *supersedeas*. But it was held that, inasmuch as the fiat was granted against an infant, it was a mere nullity, and might be so treated any where.

We think that in the absence of any right of appeal reserved to infants after they come of age, we can not hold a decree valid against them which is made during infancy, upon the basis of their unauthorized contracts, and in which their inheritance is sought to be charged for liens created by them, and not by their ancestors, or other adult parties. In the case before us, the whole defects of the proceedings are patent on the record, and every purchaser must know that the decree was made against an infant, on an infant's mortgage, for her husband's debt. To sustain a title under such a decree, would be to destroy all the safeguards which the law has devised for the protection of minors against their improvident agreements. While no case can be found which has maintained the validity of such proceedings, we think the principles underlying the authorities we have referred to, fully sustain us in our views. We deem it proper, in this connection, to express our regret at the unsatisfactory condition of the law upon chancery appeals. While the limitation on writs of error and certiorari does not begin to run until after majority, and then runs two years, the law gives but forty days in which to appeal from a decree in chancery, and contains no saving clause for infants at all. We have had occasion to perceive great hardships under

this narrow rule, and believe that justice requires an amendment of the law.

We think there was no error in the ruling of the circuit judge, and the judgment must be affirmed.

The other Justices concurred.