*Exceptions sustained.*

APPLETON, C. J., WALTON, DICKERSON and DANFORTH, JJ., concurred.

LIBBEY, J., having been of counsel, did not sit.

---

ISAAC TUCKER, in equity, *vs.* SALOME M. BEAN, executrix, and JOSEPH E. BEAN, guardian of Vesta Cram.

Kennebec, 1875.—April 14, 1876.

*Equity. Infant.*

A bill in equity should never be taken *pro confesso* against an infant defendant.

A decree upon the answer of *non sum informatus* by a guardian *ad litem* will not bind the infant.

Infants must be made parties to bills in equity, affecting their title to real estate; making their guardians parties is not sufficient; for, while it is true that an infant can answer only by guardian, still, the suit must be directly against the infant.

IN EQUITY.

The bill alleges, in substance, that one Harvey Cram, in 1854, bought for plaintiff, with plaintiff's money, a lot of land, taking the deed in his own name, and recently died testate, never having parted with the legal title, leaving a widow his executrix, who has since married, and an infant daughter, and that the possession of the land has ever remained in the plaintiff. The executrix and her present husband, as guardian of her infant daughter, (but not the infant herself,) are made parties to this bill, which prays, among other things, that Joseph E. Bean, in his capacity as guardian, may be required to execute the resulting trust in favor of the plaintiff, and convey to him by deed of quitclaim the right, title

and interest which Harvey Cram acquired and which the infant daughter has as his heir.

*S. & L. Titcomb,* for the plaintiff.

A trust results by implication of law in favor of one who has furnished his agent with money to purchase for him real estate, if the agent takes the conveyance to himself; and on the death of the agent his heirs may be compelled to release to the equitable owner. *Brown* v. *Dwelley,* 45 Maine, 52.

Such a trust is not within the statute of frauds, and need not be declared in writing.

No counsel appeared for the minor.

WALTON, J. A bill in equity should never be taken *pro confesso* against an infant defendant. No *laches* can be imputed to an infant, nor can the guardian *ad litem,* by any consent, bind his rights. No valid decree, says Chancellor Kent, can be awarded against him merely by default, or upon such consent. The plaintiff in every such case ought to prove his demand, either in court or before a master. *Mills* v. *Dennis,* 3 Johns. C. R., 367.

In equity suits the usual answer of a guardian *ad litem* of an infant is that, the infant knows nothing of the matter, leaving the plaintiff to prove his case if he can, and throwing the infant upon the protection of the court. Such is the answer of the guardian in this case. But such an answer was pointedly condemned in *Lane* v. *Hardwicke,* 9 Beavan, 148; and Chancellor Kent held in the case of *Mills* v. *Dennis,* above cited, that a decree upon such an answer would not bind the infant; that the plaintiff should prove his case.

And again: This court has recently decided in a case not yet reported, that infants must be made parties to bills in equity affecting their title to real estate; that making their guardian a party is not sufficient; that while it is true that the infant can only answer by guardian, still, the suit must be directly against the infant. *Wakefield* v. *Marr,* 65 Maine, 341.

In this case there is no proof in support of the plaintiff's claim, other than the bill itself. Nor is the infant defendant made a party to the suit. It seems to have been supposed that making

her guardian a party was sufficient. No counsel appears in defense of the suit. Nor is there any other answer by the guardian than *non sum informatus.* The court cannot consent to make a decree barring the infant of her rights in her father's estate upon such a presentation of the case.        *Bill dismissed without cost.*

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.