Shaw agt. Van Rensselaer.

the motion requiring the demurrer to be received, instead of delaying until after judgment was en'cred and then moving to open the judgment. The latter course might have been taken, undoubtedly, but that fact did not preclude the appellant's attorney from making the motion he did. He was not bound to wait till his client's rights were put in greater jeopardy by an actual judgment against him. And as his right to serve his demurrer within the twenty days extended time is clear and a substantial one, there seems to be no reason to doubt that the order denying its exercise is appealable.

We think the order below should be reversed, with ten dollars costs and disbursements, and an order entered directing that the demurrer be received or regarded as well served on the thirtieth day of April.

BRADY and BARRETT, JJ., concur.

## N. Y. COMMON PLEAS.

### SHAW agt. VAN RENSSELAER.

*Examination of parties before trial— In action for damages for personal injuries under what circumstances defendant may examine plaintiff — Code of Civil Procedure, sections* 872, 873.

In an action for damages for personal injuries a defendant may examine a plaintiff before answer if it appear that the facts stated in the affidavit, upon which the application is based, would tend to support a defense.
The application will be denied when the affidavit upon which it is based fails to specify the special matters of defense he wishes to examine the plaintiff upon.

*Special Term, December,* 1880.

VAN HOESEN, *J.* — Under the former practice which recognized law and equity as two distinct systems, it was no objection to a bill of discovery that it sought to obtain evidence to be used in an action founded on a tort (*Gelston* agt. *Hoyt,* 1 *J. C. R.,* 543; *Skinner* agt. *Judson,* 8 *Conn.,* 528). But,

in *Gelston* agt. *Hoyt*, chancellor Kent said that only in peculiar cases would the court of chancery sustain a bill of discovery to procure admissions that were to be used merely in mitigation of damages in an action of trespass. The chancellor did not say, however, that where the evidence sought to be elicited was material, a bill of discovery would not be sustained in aid of an action sounding in damages; and the ground upon which he dismissed the bill in that case was, that the evidence desired would not in anywise affect the issue in the action at law. In this case the evidence which the defendant is probably seeking may be material to the issue and important to his defense. He is entitled to show that the injury is not so great as the plaintiff claims, and this evidence he is at liberty to draw from the plaintiff himself. After issue joined the defendant could examine the plaintiff as to the extent of his injuries, and could obtain from the court the aid of a physician to discover, by an inspection of the plaintiff's person, what marks of a permanent character were left by the accident upon the plaintiff's body. The right of the court to order such an examination before trial was carefully considered, and placed upon indisputable ground by judge SAMUEL JONES in a very able opinion in the case of *Walsh* agt. *Sayre* (52 *How.*, 334). The right of the court to require a plaintiff in an action for personal injuries to submit to an examination, was considered to be beyond question by the supreme court of Iowa in *Scroeder* agt. *C., R. I. and P. R. R. Co.* (19 *Albany Law J.*, 234), and by the New York supreme court in *Harold* agt. *The New York Elevated R. R. Co.* (21 *Hun*, 268). It is not now necessary to determine whether or not the court would order the plaintiff to submit himself to the examination of a physician that the defendant might better frame his answer, for no application for such an examination has been made; but if the defendant will state what he expects to show by the plaintiff, and if it appear that the facts stated would tend to support a defense, an order for the examination of the plaintiff by the defendant's attorney will be made before

answer. The affidavit now presented is so vague in its statements that I am at a loss to discover exactly what "the special matters of defense" are, which the defendant wishes to examine the plaintiff upon. He fails to specify them. I think this application should be dismissed, with costs, but with leave to renew it on other papers.