A. P. S. STUART, PLAINTIFF IN ERROR, v. E. N. HAVENS, DEFENDANT IN ERROR.

1. **Negligence**: EXCAVATION IN STREET: EVIDENCE. In an action to recover damages for personal injuries sustained by falling into an excavation in a street made by the defendant, an allegation that he "wrongfully and negligently permitted the same to remain open, uncovered, and unguarded, and without any precautions to prevent accidents by falling into the same" is sufficient to authorize the court to receive evidence tending to show the failure of the defendant to place proper guards and construct a sidewalk around the excavation, and submit the same by proper instructions to the jury.

2. **Action for Injuries to Person**: EXAMINATION OF PLAINTIFF. In an action for personal injuries, where the defendant during the trial asks for an order requiring the plaintiff to submit his person to the personal examination of certain experts selected by the defendant, the application should be denied.

3. —— : ——. If a personal examination is desired, the application should be made before the trial begins and experts agreed upon by the parties or appointed by the court.

4. **Nuisance:** OBSTRUCTION IN STREET BY BUILDER OF ADJACENT LOT. While temporary obstructions in a street, which are reasonable and necessary for the erection of a building upon an adjacent lot, do not constitute a nuisance if they are not unreasonably prolonged, yet the owner will not be justified in leaving an excavation made by him without proper barriers and safeguards to prevent accidents; nor will the fact that there is a good sidewalk on the opposite side of the street be a defense for such neglect.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Sawyer & Snell*, for plaintiff in error.

*L. C. Burr* and *G. M. Lambertson*, for defendant in error.

MAXWELL, J.

The defendant in error brought an action against the plaintiff in the district court of Lancaster county to recover for injuries sustained by him by falling into an excavation made by the plaintiff on P street, in Lincoln, in front of lot 4, block 41, in said city. On the trial of the cause a verdict was returned in favor of the defendant in error for the sum of $500, upon which judgment was rendered.

The injury is alleged in the petition to have occurred on the 18th day of January, 1884, at which time it is stated that the plaintiff in error was possessed of the lot in question; that "on said day defendant (plaintiff in error) by his agents and employees dug a cellar to the depth of six feet, twenty-five feet in width, and twelve feet in length upon said real estate, and extended the same into the sidewalk of said street, and wrongfully and negligently permitted the same to remain open, uncovered, and unguarded, and without any precautions to prevent accidents by falling into the same, in consequence of which said plaintiff, while passing along said street in the night time, without

any fault on his part, fell into said cellar and was thereby greatly injured," etc.    Then follows a statement of the injuries sustained.

The answer admits the ownership of the premises, the digging of the cellar, and alleges "that on the night of January 18, 1884, defendant put up guards and securely protected said cellar and the sidewalk and the approaches thereto so as to prevent passengers who might chance to travel that way or thereby from being injured by falling therein.    And that said cellar was so securely guarded on said night that plaintiff could not by any possibility tumble into said cellar without great exertions and a strong determination upon his part to tumble in by tearing down and displacing the guards so set up, etc.

The testimony tends to show that no sufficient fence or guard was placed around the excavation, and that no sidewalk was constructed around the same as required by the city ordinance.

The following instruction was given on behalf of the defendant in error : " The jury are instructed that the ordinances of the city of Lincoln on the 18th day of January, A.D. 1884, required a party digging an excavation into the sidewalk or street of the city of Lincoln to build and maintain and at all times to keep the same unobstructed, a sidewalk of suitable materials, not less than four feet in width, in front of and around said excavation.    If the jury find that the defendant failed and neglected to build a sidewalk and maintain a railing such as is provided for and required by said city ordinance, and that on account of the failure and neglect of the defendant in this respect the plaintiff, without fault on his part, fell into said excavation and was hurt and injured thereby, then you will return a verdict for the damages sustained by the plaintiff.

This was excepted to by the plaintiff in error, and the court was asked to give the following: " You are instructed

that damages are not claimed by reason of any defect or want of sidewalk along and in front of said excavation, and that being the case, the want of a sidewalk, if you should find there was not one of suitable material, and you further find plaintiff fell, or claims that he fell, into said excavation at or near the north line of said lot 4 while going east, cuts no figure in the case." It will be observed that the charge of negligence in the petition is that the defendant below " wrongfully and negligently permitted the same (the excavation) to remain open, uncovered, and unguarded, and without any precaution to prevent accidents by falling into the same," etc.

This allegation is broad enough to permit a recovery for any damages sustained by a failure to build a sidewalk There was no error therefore in the instruction given nor in refusing to give the one asked.

2. The plaintiff below on his direct examination was asked to show his arm, which he claimed was injured by falling into the excavation, to the jury. This he did without objection, and afterwards three physicians, who had treated the arm professionally, testified as to its condition without objection. Afterwards the defendant below asked the court below to make an order requiring Havens to exhibit his arm to four physicians called by him (the defendant). This the court refused to do. This is assigned for error. The question here involved was before this court in *S. C. & P. Ry. Co. v. Finlayson*, 16 Neb., 578, and it was held that where the request was made during the trial and it was sought to have the examination made by experts called by the adverse party, and not by those agreed upon by the parties, or appointed by the court, there was no error in denying the request. We adhere to that decision.

We are aware that the supreme court of Wisconsin in *White v. M. C. Ry. Co.*, 21 N. W. R., 524, seems to have established a different rule; but the one adopted by this court before that decision was made seems more conducive

to justice. Where in a case like this experts are called by a party and permitted to make a personal examination of the person injured, and to testify therefrom, there is danger that they will feel under obligations to the party calling them, and, however honest they may be, color their testimony somewhat in his interest, while in many, if not most, cases their general views upon the question will be known to the party producing them before they are called. In any event the evidence partakes somewhat of a partisan character. To avoid this they should be agreed upon by the parties or appointed by the court, and an examination, if desired, should be made before the trial begins, although the court may permit it to be made during the progress of the trial. The court did not err therefore in overruling the request.

3. The defendant below asked the following instruction, which was refused, to which he excepted: "The jury are instructed that if, under the evidence and law as given you, you find that plaintiff was guilty of contributory negligence in going on the south side, of said P street, in front of said excavation, and said contributory negligence operated directly to produce the injury complained of, then and in that case you will find for the defendant." Also the following: " The jury are instructed that if under the evidence you believe that at the time of the alleged injury the plaintiff knew of the existence and condition of the excavation into which he alleges he fell, and if you further believe from the evidence that the sidewalk on the north side of 'P' street, between '11th' and '12th' streets was in a good condition at the time of the alleged injury, and that the plaintiff knew it to be so, and if you find also under the evidence that plaintiff, knowing the above facts at the time of the alleged injury, chose to go on the south side of said 'P' street along in front of said excavation made by defendant, that fact would tend to establish contributory negligence on the part of the plaintiff which the court refused to give."

These instructions in effect say, that if there is a good sidewalk on the opposite side of the street from that on which an excavation is made, a party using the sidewalk must travel on that; otherwise, if in walking around the excavation he falls into it and is injured, he cannot recover.

No cases are cited to sustain these propositions, and I think none can be found. Temporary obstructions in a street which are reasonable and necessary for the erection of a building upon an adjacent lot do not constitute a nuisance provided they are not unreasonably prolonged. But such obstructions are justified only so long as they are reasonably necessary, and will not justify the owner of the lot in leaving an excavation in the street in an unsafe condition. The court, therefore, properly refused to give the instructions in question. The fifth and sixth assignments of error relate to admission and rejection of evidence, and, as no errors appear, need not be considered. The judgment is fully supported by the evidence, and there is no error in the record. It is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.