THE RICHMOND & DANVILLE RAILROAD CO. *vs.* CHILDRESS.

> 82 719
> 99 255
> ————
> 82 719
> d109 612
> ————
> 82 719
> 120 514

It is within the discretion of the trial court to require the plaintiff suing for a physical injury alleged to be permanent, to submit to an examination by competent physicians, at the instance and at the expense of the defendant in the action, to ascertain the nature, extent and probable duration of the injury, so as to afford means of proving the same at the trial. By the code, §206, every court has power to control, in furtherance of justice, the conduct of all persons connected with a judicial proceeding before it in every matter appertaining thereto.

April 12, 1889.

Practice in superior court.    Trials.    Torts.    Before Judge MARSHALL J. CLARKE.    Fulton superior court. September term, 1888.

Reported in the decision.

POPE BARROW and JACKSON & JACKSON, for plaintiff in error.

GARTRELL & LADSON and J. T. GLENN, *contra.*

BLECKLEY, Chief Justice.

Childress, a lad thirteen or fourteen years of age, recovered a verdict against the railroad company for $3,500, on account of a personal injury alleged to be permanent. The seat of the injury was the chest. The company made a motion for a new trial on several grounds, the 4th being as follows: "Because the court erred in declining to order the examination of Childress by physicians to be appointed by the court, on the motion of defendant before the jury was impanelled but after the case was called for trial, for the purpose of determining whether or not he had been permanently injured as claimed; the said defendant offering to pay the expense of such examination by the physi-

cians selected by the court." The court ruled that it had no power to order the examination without the plaintiff's consent. We understand the court as putting the refusal solely upon the ground of a defect of power.

The code, §206, declares that "every court has power . . to control in furtherance of justice the conduct of its officers and all other persons connected with a judicial proceeding before it, in every matter appertaining thereto." It can certainly admit of no doubt that in a proper case for such examination, the cause of justice would be subserved by it, and the decided weight of modern authority is that courts have such power. A very full and clear statement of the matter is found in 1 Thompson on Trials, §859. The language of the author is as follows: "In modern trials of civil actions for physical injuries, the question has frequently arisen whether the court has power to order an inspection of the body of the plaintiff or person injured, for the purpose of ascertaining the nature and extent of the injuries. Some of the courts, carrying in their minds no higher conception of a judicial trial than the conception that it is a combat, in which each of the gladiators is permitted, within certain limits, to deceive and trick the antagonist and the umpire, have denied the right of the defendant to have an order for such inspection. Other courts, taking the more enlightened view that the object of a judicial trial is to enable the State to establish and enforce justice between party and party, have held that it is within the power of the trial court, in the exercise of a sound *discretion*, in proper cases, upon an application seasonably made, under proper safeguards designed to preserve the rights of both parties, to order such an inspection, and to compel the plaintiff or injured person to submit to it. Another court has held

that where the plaintiff in such an action alleges that his injuries are of a permanent nature, the defendant is entitled, *as a matter of right,* to have the opinion of a surgeon, based upon a personal examination, unless there is already an abundance of expert evidence, in which case the court, in its discretion, may refuse to order an examination. Another court has ruled that the trial court may require the plaintiff in such an action to submit to a medical examination, and *dismiss his action* if he refuses to comply with the order. This conclusion may be placed upon the higher ground that when a person appeals to the sovereign for justice, he impliedly consents to the doing of justice to the other party, and impliedly agrees in advance to make any disclosure which is necessary to be made in order that justice may be done. The conception of the nature and objects of a judicial trial which denies to the defendant, under proper safeguards, the right of such an inspection, is not higher than that of the old law, which would not even compel a party to produce a deed or private paper in a civil case, where it was intended to be used in evidence against him, a rule which the court of chancery invaded to prevent failures of justice, and which has almost entirely disappeared from modern civil jurisprudence." The cases cited *pro* and *con* are : White *vs.* Milwaukee, etc. R. Co., 61 Wis. 536 ; Walsh *vs.* Sayre, 52 How. Pr. 334 ; Shepherd *vs.* Mo. P. R. Co., 85 Mo. 629, s. c. 55 Am. Rep. 390 ; Schoeder *vs.* Rwy. Co., 47 Ia. 375 ; Miami, etc. R. Co. *vs.* Baily, 37 Oh. St. 104 ; Atchison, etc. R. Co. *vs.* Thul, 29 Kan. 466 ; Hatfield *vs.* St. Paul, etc. R. Co., 18 Am. & Eng. R. R. Cas. 292 ; Sibley *vs.* Smith, 46 Ark. 276, s. c. 55 Am. Rep. 584 ; Shaw *vs.* VanRensselaer, 60 How. Pr. (N. Y.) 143 ; Neuman *vs.* Third Avenue R. Co., 50 N. Y. Super. 412 ; Roberts *vs.* Ogdensburgh, etc. R. Co.,

29 Hun. (N. Y.), 154, disapproving Walsh *vs.* Sayre, 52 How. Pr. 334, and Shaw *vs.* VanRensselaer, *supra.* See Sidekum *vs.* Wabash, etc. R. Co., 3 Am. State Rep. 549, and notes.

As to the suggestion made in argument, that the rule would operate hardly upon delicate and modest females, we can only say that they would be safely guarded by the discretion of the trial judge. There would be no danger, we think, in this country, of an examination being ordered needlessly or where an improper shock to modesty or feelings of delicacy would be likely. We decide simply that the power exists, and that in each case it is to be exercised or not, according to the sound discretion of the presiding judge.

We think there ought to be a new trial in the present case. As we deal only with the question of power, we forbear to enter into the nature of the showing which ought to be required as preliminary to its exercise, further than to say that generally there should be a request made of the plaintiff before the trial comes on to submit to the examination voluntarily, and that when an order is applied for, the plaintiff's refusal to do so should be verified, as also should the probability that examination would likely result in some material discovery or disclosure. When the examination is compulsory, there is obvious propriety in the experts being selected by the court rather than by one or both of the parties. It is likewise obvious that all the expenses should be borne by the party at whose instance the examination is made.

Judgment reversed.