95 266
s54NW 757
132 ⁵496

95 266
d135 ³310

95 266
137 ⁵481

95 266
141 ⁵ 21
141 ³422

95 266
156 ³542

ELIZABETH L. GRAVES v. THE CITY OF BATTLE CREEK.

*Municipal corporations—Defective sidewalk—Personal injuries— Evidence—Exhibiting injured member to jury— Power of court to require—Contributory negligence.*

1. Only the assignments of error discussed in the appellant's brief will be considered.

2. In an action for an injury to plaintiff's arm, the opinion of a medical expert, whether the condition of the arm as alleged might co-exist with the fact of the ability of the plaintiff to use it in the manner witnessed by the jury, is admissible.

3. The question whether the trial court has the *power*, under any circumstances, to require the plaintiff in an action for personal injuries to submit to an examination by a physician, before the jury, of the portion of the body alleged to have been injured, is answered in the affirmative.

4. The court is justified in refusing to exercise such power where the necessities of the case are not such as to call for it, or where the sense of delicacy of the plaintiff may be offended by the exhibition, or where the testimony would be merely cumulative, or where, in the judgment of the court, it would not materially aid the jury.

5. Where, in a negligence case for injuries received by falling upon a sidewalk, it conclusively appears from the testimony that the plaintiff could have seen the obstruction in the walk if she had been looking for it, and her testimony tends to show that just before she stumbled over it she heard a whistle, and became frightened and hurried on, the question to be submitted to the jury is whether the circumstances were such as to excuse her attention to the defect in the walk at the time of the injury.

Error to Calhoun. (Hooker, J.) Submitted on briefs March 10, 1893. Decided April 7, 1893.

Negligence case. Defendant brings error. Reversed. The facts are stated in the opinion.

*Frank W. Clapp*, for appellant.

*Hulbert & Mechem*, for plaintiff, contended:

1. Any one may expose his body, if he chooses, with a due regard for decency, and with the permission of the court, but he cannot be compelled to do so in a civil action; citing *Railway Co. v. Botsford*, 141 U. S. 250.

MONTGOMERY, J. The plaintiff recovered a verdict of $500 in an action on the case for an injury received by a fall occasioned by a defective sidewalk. But four assignments of error are discussed in the defendant's brief, and under the settled practice of the Court no other assignments can be considered.

The plaintiff appeared as a witness, and the jury observed her use of the injured arm and wrist. Dr. Alvord, a witness for the plaintiff, testified to its condition and the prospect of recovery, and was asked the following question:

"Doctor, is the fact that the plaintiff is able to use her arm in the ordinary ways, as it has appeared here, as she used it in this room, as you have seen her when she was in the witness chair,—is that proof that the injury to the arm has subsided, and that there is no pain there?"

This was objected to, as calling for a conclusion of the witness as to the force of testimony in the case; but plaintiff's counsel then added:

"Is there any surgical proof? I do not mean legal proof, your honor."

The witness was permitted to answer the question as thus modified. The question as originally put may have been open to the objection urged, but as modified it called for the opinion of a medical expert upon the question of whether the condition alleged might co-exist with the fact of the plaintiff's ability to use her arm in the manner witnessed by the jury. There was no error in the ruling.

The sixth and seventh assignments of error are based upon the refusal of the court to direct the plaintiff below, at the request of defendant's counsel, to remove her glove from the injured hand, and exhibit the same to the jury, and upon a like refusal to direct the plaintiff below to submit her injured arm to a physician, Dr. Kimball, to be examined in the presence of the jury. Dr. Alvord, a witness for the plaintiff, had testified that there was a set-off to the bone, perceptible to the touch, which could be felt with the finger, and which could be shown to anybody. The court declined to require the plaintiff to exhibit her arm to the jury, or to submit to the examination, saying:

" The court in civil cases will allow counsel to take such course as they please. The court will not require it unless counsel choose to do it."

It will be observed that the exhibition of the arm at the point of the alleged fracture would not have been a shock to the plaintiff's sense of delicacy, and it will be also noted that the court placed the ruling upon the want of power in the court to require the plaintiff to submit to the examination in question; so that the question presented is whether the court has the power to require such a submission by a plaintiff in a case under any circumstances. The decisions are not uniform upon this question, but the very great weight of authority is in favor of the exercise of such power by the court, under proper restrictions; the rule recognizing, however, that a wide discretion is vested in the trial court, which justifies a refusal to require the examination where the necessities of the case are not such as to call for it, or where the sense of delicacy of the plaintiff may be offended by the exhibition, or where the testimony would be merely cumulative, or where, in the judgment of the trial court, it would not materially aid the jury.

The power has been exercised in Iowa, Alabama, Arkansas, Georgia, Ohio, Missouri, Nebraska, Texas, Minnesota, Kansas, Wisconsin, and Indiana. Opposed to the rule in these states are the decisions of *Parker v. Enslow*, 102 Ill. 279; *Roberts v. Railroad Co.*, 29 Hun, 154; and *Railway Co. v. Botsford*, 141 U. S. 250 (11 Sup. Ct. Rep. 1000). In the case of *Parker v. Enslow* the question was not discussed beyond a bare statement of the holding, and no authority was cited; all that is said upon the subject being, "the court had no power to make or enforce such an order." The case of *Roberts v. Railroad Co.* overrules a previous decision of the special term of the superior court of New York, and is not a decision of the court of last resort. Stress appears to have been laid in the decision upon the fact that the order, which preceded the trial, required the plaintiff to submit to answer any questions that should be put to her, and this was treated as particularly objectionable, although the court does hold that the court has no power to compel a party to submit to any bodily examination. The decision in *Railway Co. v. Botsford* was concurred in by seven of the nine Justices of the Supreme Court, Justices Brewer and Brown dissenting from the conclusion of the majority. This decision is entitled to very great weight, but, in view of the manifest justice of a requirement that the plaintiff in case of personal injury shall produce the best evidence attainable, we think this case should not be permitted to stem the otherwise almost unbroken current of authority upon the subject. It is true that the rule is one of modern growth, but it is also true that actions for personal injury, while not of modern origin, are rapidly increasing, and are constantly presenting new questions. The rule is well recognized by substantially all the courts of the country that the injured party *may* exhibit his wounds to the jury, in order to show their nature or extent, and that rule has been followed in

this State.[1]　Testimony which is open to one party ought logically to be open to his opponent, if it can be obtained with due regard to decency, and in the orderly conduct of the trial.　It is well stated by the court in *Railroad Co. v. Childress*, 82 Ga. 721:

"This conclusion may be placed upon the higher ground that, when a person appeals to the sovereign for justice, he impliedly consents to the doing of justice to the other party, and impliedly agrees in advance to make any disclosure which is necessary to be made in order that justice may be done.　The conception of the nature and objects of a judicial trial which denies to the defendant, under proper safeguards, the right of such an inspection, is not higher than that of the ⁕old law, which would not even compel a party to produce a deed or private paper in a civil case, where it was intended to be used in evidence against him, a rule which the court of chancery invaded to prevent failures of justice, and which has almost entirely disappeared from modern civil jurisprudence."

See, also, *White v. Railway Co.*, 61 Wis. 536 (21 N. W. Rep. 524); *Turnpike Co. v. Baily*, 37 Ohio St. 104; *Railroad Co. v. Hill*, 90 Ala. 71 (8 South. Rep. 90); *Schroeder v. Railroad Co.*, 47 Iowa, 375; *Railroad Co. v. Thul*, 29 Kan. 466; *Owens v. Railroad Co.*, 95 Mo. 169 (8 S. W. Rep. 350); *Sibley v. Smith*, 46 Ark. 275; *Stuart v. Havens*, 17 Neb. 211 (22 N. W. Rep. 419); *Hatfield v. Railroad Co.*, 33 Minn. 130 (22 N. W. Rep. 176); *Hess v. Lowrey*, 122 Ind. 225 (23 N. E. Rep. 156); *Railroad Co. v. Johnson*, 72 Tex. 95 (10 S. W. Rep. 325).　The case of *Loyd v. Railroad Co.*, 53 Mo. 509, cited by Mr. Justice Gray in *Railway Co. v. Botsford*, as sustaining the conclusion of the majority of the court, is not now the law of Missouri, as will be seen by a reference to *Owens v. Railroad Co.*, above cited.　We think there was error in the ruling of the trial judge upon this point.

---

[1] See *Langworthy v. Township of Green*, ante, 93.

The ninth assignment of error is based upon the charge of the court. The charge contained the following:

"Was that walk plainly visible that night? Were lights so situated as to render it impossible for a person to walk along there, using the ordinary care which men usually do, without seeing it? If so, it was the same as though it was daylight; if not, then there is something for you to try to determine, whether the woman was using that degree of care which persons generally do use, and, notwithstanding that, suffered her injury through the fault of the city."

It is claimed by the defendant that the undisputed testimony shows that there was an arc light 189 feet to the west, one 344 feet to the east, and one a short distance to the south; that the lights were burning that evening, and that the street was lighted; and that the proofs showed that the plaintiff was not paying any attention to her walking at the time of the injury. We have examined the record, and discover no conflict in the testimony as to the fact that the electric lights were burning. The court further said to the jury:

"If the street was so well lighted that the plaintiff would have seen the obstruction had she not been looking away, and paying no attention to her walking, then it would be carelessness."

It is claimed by the defendant that the proofs conclusively show that the plaintiff could have seen the obstruction had she been looking for obstructions in the walk at the time of the injury. We think, under the proofs, this question should not have been submitted to the jury. The plaintiff's theory was, and she gave testimony tending to show, that just before she stumbled over the plank in question she heard a whistle, and became frightened and hurried on. This was the testimony tending to show her care. The court should have submitted to the jury the question of whether this circumstance, coupled with the fact that it was in the night-time, was sufficient to excuse

her immediate attention to the walk at the exact time of the injury. It is contended by the defendant that the evidence conclusively showed want of care; but the case is very similar to that of *Dundas v. City of Lansing,* 75 Mich. 510, where it is said:

"It is doubtless true, as plaintiff testified, that had she been at the time upon the lookout for this hole in the walk she might have seen and avoided it; but the question is, was she negligent, under all the circumstances and surroundings, in not seeing and avoiding it? The darkness of the night, the storm, her anxiety to get home, are all circumstances that should be weighed as bearing upon her conduct upon that occasion. The question is not free from doubt, and when it is not it should be submitted to the jury."

We think the question in this case was one for the jury under proper instructions, but the question to be submitted was whether the circumstances were such as to excuse her attention to the defect in the walk at the time of the injury.

Judgment reversed, and a new trial ordered.

McGRATH, LONG, and GRANT, JJ., concurred. HOOKER, C. J., did not sit.