[S. F. No. 4216.   In Bank.—February 8, 1907.]

GERTRUDE JOHNSTON, by her Guardian ad Litem, Respondent, v. SOUTHERN PACIFIC COMPANY, Appellant.

ACTION BY MINOR FOR NEGLIGENCE—ERRONEOUS APPOINTMENT OF GUARDIAN AD LITEM—CONSENT NOT PRESUMED.—In an action by a minor aged sixteen years for injuries from alleged negligence of the defendant the appointment of a guardian *ad litem* by the superior court, not made as required by section 373 of the Code of Civil Procedure, upon application or nomination of the minor, but made solely on the application of the person appointed, is erroneous. It cannot be presumed upon appeal, against the record, that the consent of the minor was given to the appointment; and the error shown by the record, being jurisdictional, would, if not cured, necessitate a reversal of the judgment.

ID.—CURE OF ERROR—AFFIRMANCE AFTER MAJORITY PENDING APPEAL.— The error must be deemed cured where it appears that the minor attained majority pending appeal before the hearing, and upon the hearing affirmed all that had been done in her behalf, and declared her willingness to be bound in all future matters by the proper judgments and orders of the court.

ID.—PERMANENT INJURIES TO PLAINTIFF—TESTIMONY OF ATTENDING PHYSICIANS—POWER AND DUTY OF COURT TO ORDER PERSONAL EXAMINATION.—Where the plaintiff seeks recovery for permanent injuries which are objective and physical, and offers the testimony of attending physicians to prove the nature and extent of the injuries sus-

tained, the court has power, and it is its duty, to order a physical examination in the presence of plaintiff's physicians and the physicians of the defendant, to ascertain the nature and extent of such injuries.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

A. A. Moore, for Appellant.

Clark & Clark, and D. M. Delmas, for Respondent.

HENSHAW, J.—This action is to recover damages for personal injuries sustained by plaintiff, who was a passenger upon the cars of the defendant. The negligence charged is that defendant suddenly and violently started a train from which plaintiff was about to alight, whereby she was hurled to the ground, sustaining a fracture of the skull, hemorrhage of the brain, and other injuries. Plaintiff at the time of the commencement of her action was sixteen years of age. Section 373 of the Code of Civil Procedure provides that "when a guardian *ad litem* is appointed by the court he must be appointed . . . when the infant is plaintiff, upon the application of the infant, if he be of the age of fourteen years." The record shows that a petition was presented to the court by Charles Manson for the appointment of himself as guardian *ad litem* of Gertrude Johnston, a minor; that the petitioner is the stepfather of the minor, and that the minor is of the age of sixteen years. The order of the court made upon the petition declares "it satisfactorily appearing to the court from the petition of Charles Manson that he is the stepfather of Gertrude Johnston, a minor, aged sixteen years, and that the minor is about to commence an action etc., . . . and that it is necessary that a guardian be appointed for her for the purpose of maintaining this action. Therefore, it is ordered that Charles Manson be and he is hereby appointed guardian *ad litem* for the purpose of this action." The due appointment of the guardian was pleaded in the complaint. An issue was joined upon this allegation

by the answer. Upon the trial, by various motions and objections, defendant raised the question of the due appointment of the guardian, and of the right of the plaintiff to proceed with her action under the appointment disclosed. These objections were overruled, and here present the first proposition for consideration.

Respondent, in answer to the plaintiff's objection, urges that as the proceedings were before a court of record, every reasonable presumption will be indulged in to support the order which the court made, and that in indulging in such presumption it will even be assumed that the minor was present and orally requested the appointment to be made. There is, however, a well-defined limit to an appellate tribunal's power in indulging in such presumptions. It can indulge in no presumption which does violence to the facts as presented by the record of the inferior court, and while it is true that an order of a court of general jurisdiction will be treated as void only in the event that its invalidity appears upon the face of the record, ever since the case of *Hahn* v. *Kelly,* 34 Cal. 391, [94 Am. Dec. 742], the rule in this court has been well settled that this does not mean that the record must contain a direct statement to the effect that something which must have been done in order to give the court jurisdiction was not done, but means that want of jurisdiction appears whenever what was actually done is stated, and this which was done is not sufficient in law to confer jurisdiction. Therefore, whenever the record states the evidence or makes an averment with reference to a jurisdictional fact it will be understood to speak the truth on that point, and it will not be presumed that there was other or different evidence respecting the fact or that the fact was otherwise than is averred. (*Galpin* v. *Page,* 18 Wall. 350; *Smith* v. *Los Angeles etc. Co.,* 98 Cal. 210, [33 Pac. 53].) It must be conclusively presumed, therefore, in accordance with the express declaration of the trial court in its order, that it appointed a guardian *ad litem* of a minor sixteen years of age upon the application of the guardian alone, and that the minor never exercised, nor was given an opportunity to exercise, her right of nomination. Under these circumstances, is the order valid or erroneous, and, if erroneous, is it error curable, or such as to render the appointment void?

Unquestionably the order appointing the guardian was erroneous. Not only was it made in violation of the express direction of the statute, but as made it denied to the minor a substantial right of nomination accorded her by law. Indeed, there is very respectable authority for holding that the minor's right of nomination under a statute such as our own must be exercised, or good reason be shown for its non-exercise, else the appointment is void. Such a view of the law makes the nomination a jurisdictional prerequisite. (*Palmer* v. *Oakley*, 2 Doug. (Mich.) 433, [47 Am. Dec. 41].) The decisions of the courts which adopt the view of *Palmer* v. *Oakley* are in no sense technical, but rest upon the well-recognized disabilities of infancy and the protection which the law always accords to minors. So fully is an infant under the protection of the law that the courts will not allow his rights to be prejudiced by any act either of his own or of any other person. (10 Ency. of Plead. & Prac., p. 589.) Being in their nonage, and lacking the power generally to make contracts, infants cannot contract with or be represented by attorneys at law. So that, in general, if an action has been prosecuted on behalf of or against an infant without due observance as to the appearance of the infant either by guardian, *prochein ami*, curator, or some other legally authorized person, the right of disaffirmance of such a judgment rests with the minor until barred by his laches after attaining his majority. For even laches is not imputable to a minor. (*Tucker* v. *McBean*, 65 Me. 352; *Smith* v. *Sackett*, 10 Ill. 534; *Chandler* v. *McKinne*, 6 Mich. 217, [74 Am. Dec. 686].) Upon the other hand, since this right of disaffirmance remains with an infant plaintiff or defendant thus irregularly made a party to an action, it is clearly unjust that the adverse party under objection should be compelled to litigate under circumstances where the judgment would be binding against him and not binding against his adversary. Therefore, it is, as it should be, the general rule, even in jurisdictions which do not hold that irregularities in the proceedings touching the appointment of the guardian *ad litem* render the judgment void, that the error is of such gravity as to necessitate a reversal of the case when such a situation is presented,—namely, a situation where the judgment is by law binding upon one litigant and may be disaffirmed because of infancy

by the other. For it is of the very essence of a just judgment under our system of jurisprudence that the rights, duties, obligations, and privileges which spring from it should bear with even and exact pressure upon all the parties to it.

Other states, however, have adopted a rule of decision in conflict with that laid down in *Palmer* v. *Oakley,* 2 Doug. (Mich.) 433, [47 Am. Dec. 41], and amongst those states is our own. It has long and consistently been held in this state that a failure to appoint a guardian *ad litem,* or to sue by one, while irregular, is only that; that the defect is not a jurisdictional one, and therefore the judgment is not void. Thus, in *In re Cahill,* 74 Cal. 52, [15 Pac. 364], a contest of a will was commenced by a minor *in propria persona.* This court considered the question with some elaboration and held that the proceedings were not void for want of jurisdiction, and that it was proper after the commencement of the proceeding to appoint a guardian *ad litem* at the trial. In *Childs* v. *Lanterman,* 103 Cal. 387, [42 Am. St. Rep. 121, 37 Pac. 382], it was held that a judgment against an infant in an action in which no guardian *ad litem* had ever been appointed was not void; that the appearance by an attorney, notwithstanding the fact that an infant by reason of infancy could not authorize an appearance by an attorney, would be held "as authorized by him so far as the direction and consent of the infant can give authority." And as the infant after reaching majority had not disaffirmed the judgment, he had waived his right thereafter to make such objection. In *Foley* v. *California Horseshoe Co.,* 115 Cal. 184, [56 Am. St. Rep. 87, 47 Pac. 42], the complaint averred the appointment of a guardian *ad litem,* the averment was traversed by the answer, and the court upon trial held the appointment void, and then and there made an order appointing a guardian *ad litem.* It was held that the action should not abate, and that the appointment of a guardian *ad litem* after action begun was within the power of the court.

To sum up on this proposition, therefore, were it not for a saving fact hereafter to be considered, it would be held that the appointment of the guardian *ad litem* in this case was so irregular as to justify a repudiation and disaffirmance by the minor, had the judgment been adverse to her. Such a judgment would lack the mutuality of responsibility and

obligation which must belong to every valid judgment, and as the defect was called to the attention of the trial court, and no offer made there to cure it, as was done in the Foley case, a reversal of the judgment would be necessitated. But it was made to appear to this court upon the hearing that the minor had now attained her majority, and made and declared her affirmance of the proceedings which had been taken and her willingness to be found in all future matters by the proper judgments and orders of the court. Here, then, is the situation which was presented in *Childs* v. *Lanterman,* 103 Cal. 387, [42 Am. St. Rep. 121, 37 Pac. 382]. From this point on, whatever orders or judgments may be made and given are fully binding upon this plaintiff, who has attained her majority. The defendant, therefore, is protected by such judgments and orders in all of its rights, and the objection based upon irregularity in the appointment of a guardian *ad litem,* substantial as it was when made, is thus removed. And we hold upon this proposition that for the reason appearing,—namely, the attainment of majority by the minor and her affirmance of the action,—no reversal of the judgment is called for.

Plaintiff offered proof touching the nature of her injuries, that it had been necessary to remove a portion of the skull. Physicians were called on her behalf to testify to this and to other matters of personal injury connected with it. The case presented was that of a plaintiff complaining of and seeking damages for objective physical injuries. Defendant requested of plaintiff that an opportunity be offered it to have a physical examination of the person of the plaintiff to be conducted by two physicians, plaintiff being permitted to have her own physicians present and to select a reasonable place for the examination. This application was first made in the form of a request to plaintiff, and was refused by her attorneys. It was then addressed to the discretion of the court, and an order was asked to that effect. No objection was made that the application was not timely; that the physicians selected were not reputable; or that the circumstances in any way or for any reason were other than modest and proper. Indeed, the court in ruling, as shown by the record, declared that if the authorities bore out defendant's contention, it would make the order. Its refusal to make the order, there-

fore, was founded upon the belief that it was powerless so
to do.   This is the first time this question has come before
the court for adjudication, and what is here said must be re-
garded as applicable strictly to civil actions.   It is a prin-
ciple of criminal law that the defendant may not be com-
pelled to give evidence against himself.     In civil actions,
where a plaintiff is seeking affirmative relief, the adverse
party may compel him to give such evidence even to becom-
ing a witness.   As to the power of a court to order such ex-
amination in proper cases, the overwhelming weight of au-
thority is that it exists.   The supreme court of the United
States substantially alone has denied the power in *Railroad
Co.* v. *Botsford,* 141 U. S. 250, [11 Sup. Ct. 1000].     In
*Brown* v. *Chicago etc. Ry. Co.,* 12 N. Dak. 61, [102 Am.
St. Rep. 564, 95 N. W. 153], the Botsford case is reviewed.
It is said that it is not authority in a state court, and that the
reason of the rule as to federal courts comes from the fact
that all United States courts other than the supreme court
must in the absence of statute follow the mode of proof as
it existed in actions at common law.   In *Camden etc. Ry.
Co.* v. *Stetson,* 177 U. S. 172, [20 Sup. Ct. 617], is found
another modification of the rule as declared in the Botsford
case, it being held that the practice of the particular state
will govern the federal procedure.   Upon this an order of
the circuit court directing a physical examination of plaintiff
was affirmed.   By the state courts, however, with unusual una-
nimity, it is held that courts have the power to order such
examinations, and should exercise it with a sound discretion.
In some states, as in New York, the matter is controlled by
statute, but where it is not a matter of statute the courts are
singularly uniform in declaring the existence of the power.
In but four states—namely, Illinois, Massachusetts, Texas, and
Montana—is the power denied.   It was denied in New York,
but has been granted by statutory enactment.   Our Code of
Civil Procedure (sec. 128, subd. 5) prescribes that ''Every
court shall have power:  .  .  .   To control in furtherance
of justice, the conduct of its ministerial officers, and of all
other persons in any manner connected with a judicial pro-
ceeding before it, in every matter appertaining thereto.''
Under a statute identical in terms with this, it was held by
the supreme court of Georgia that if statutory authority was

necessary for the making of such an order it is here found. (*Richmond etc. R. R. Co.* v. *Childress*, 82 Ga. 719, [14 Am. St. Rep. 189, 9 S. E. 602].) Says the supreme court of Minnesota: "To allow the plaintiff in such cases to call in as many friendly physicians as he pleases, and have them examine his person and then produce them as expert witnesses upon the trial, but at the same time to deny the defendant the right in any case to have a physical examination of plaintiff's person and leave him wholly at the mercy of such witnesses as the plaintiff sees fit to call constitutes a denial of justice too gross in our judgment to be tolerated for one moment." (*Wanek* v. *City of Winona*, 78 Minn. 98, [79 Am. St. Rep. 354, 80 N. W. 851].) Says the supreme court of Indiana in *City of South Bend* v. *Turner*, 156 Ind. 418, [83 Am. St. Rep. 200, 60 N. E. 275]: "When serious and permanent injuries are claimed by the plaintiff, and he or she has submitted to an examination by a chosen physician or surgeon, who appears as a witness in plaintiff's behalf, and the nature, extent and effect of the injury are to be deduced from objective conditions, and so fully from no other source, no degree of sentiment will justify the refusal of the motion. When it becomes a question of probable violence to the refined and delicate feelings of the plaintiff, on the one hand, and probable injustice to the defendant on the other, the law will not hesitate; the court in making such orders in respect to time, place and person, in every case having such due regard for the feelings of the plaintiff and proprieties of the case as the ends of justice will permit." To the same effect may be cited: *Schroeder* v. *Chicago etc. Ry. Co.*, 47 Iowa, 375; *White* v. *Milwaukee etc. Ry. Co.*, 61 Wis. 536, [50 Am. Rep. 154, 21 N. W. 524]; *Shaw* v. *Van Rensslaer*, 60 How. Pr. 143; *Miami etc. T. Co.* v. *Baily*, 37 Ohio St. 104; *A. T. and S. F. Ry.* v. *Thul*, 29 Kan. 466, [44 Am. Rep. 659]; *Stuart* v. *Havens*, 17 Neb. 211, [22 N. W. 419]; *Sibley* v. *Smith*, 46 Ark. 275, [55 Am. Rep. 584]; *Railway Co.* v. *Underwood*, 64 Tex. 463; *Owens* v. *Kansas City*, 95 Mo. 169, [6 Am. St. Rep. 39, 8 S. W. 350]; *Railroad Co.* v. *Childress*, 82 Ga. 719, [14 Am. St. Rep. 189, 9 S. E. 602]; *Hess* v. *Lowery*, 122 Ind. 225, [17 Am. St. Rep. 355, 23 N. E. 156]; *Hess* v. *Railroad Co.*, 7 Penn. Co. Ct. Rep. 565; *Alabama etc. R. R. Co.* v. *Hill*, 90 Ala. 71, 79, [24 Am. St. Rep. 764, 8 South. 90]; *Graves* v. *Bat-*

*tle Creek,* 95 Mich. 266, [35 Am. St. Rep. 561, 54 N. W. 757];
*Demenstein* v. *Richardson,* 2 Penn. Dist. Rep. 825; *Marler*
v. *Springfield,* 65 Mo. App. 301; *Belt Elec. Line Co.* v. *Allen,*
102 Ky. 551, [80 Am. St. Rep. 374, 44 S. W. 89]; *Lane* v.
*Spokane R. Co.,* 21 Wash. 119, [75 Am. St. Rep. 821, 57 Pac.
367]; *South Covington Railway Co.* v. *Stroh,* (Ky.) [66 S. W.
177], 57 L. R. A. 875; Thompson on Trials, par. 859; Jones on
Evidence, pars. 396-399; Fetter on Carriers of Passengers, par.
460, p. 1138; 7 Am. & Eng. Ency. of Law, pp. 507, 508, and
cases cited; Elliott on Evidence, p. 1237, and late cases cited.
In the case at bar, as has been said, the court refused the ap-
plication for lack of power. We are not left in doubt as to
what its action would have been had it believed it possessed the
power, for the record discloses that the court believed it to be
a proper case. Such an error so clearly affecting the substan-
tial rights of the defendant necessitates a reversal of the
action.

We have examined the other propositions presented by
appellant, but deem them to be without substantial merit,
but for the foregoing reasons the judgment and order are
reversed and the cause remanded.

McFarland, J., Lorigan, J., Sloss, J., and Beatty, C. J.,
concurred.

Rehearing denied.