McKNIGHT v. DETROIT & MACKINAC RAILWAY CO.

1. Physicians—Reasonable Value of Services—Evidence.

In an action against a railroad company by a physician to re-
cover for services rendered at the time of a wreck, testimony
by another physician as to the amount received by him for
services rendered on the same occasion is inadmissible as
bearing on the reasonableness of plaintiff's charges.

2. Same—Credibility of Witnesses.

In an action by a physician for professional services, counsel
for plaintiff, on the cross-examination of physicians called by
defendant, showed them a copy of plaintiff's bill of particu-
lars, and asked them whether, when the paper was exhibited
to them before trial, they did not state that the charges were
reasonable; and, after showing that the statements were
made, the paper was introduced in evidence. *Held*, that, the
evidence having been limited to the single purpose of contra-
dicting the witnesses, it was competent.

3. Same—Expert Testimony.

In an action by a physician for professional services, a physi-
cian who has heard plaintiff's testimony with reference to the
services may be asked for his opinion as to their reasonable
value.

4. Same—Objections—Sufficiency.

In such case an objection to the question, on the ground that
the witness did not see the person treated, is insufficient to
warrant the contention on appeal that it did not appear that
he was acquainted with all the facts and circumstances of
the treatment.

5. Same—Trial—Exhibiting Injuries to Jury.

In an action by a physician to recover for services rendered to
a railroad company at the time of a wreck, a witness who was
injured in the wreck, and treated by plaintiff, cannot be com-
pelled to exhibit his leg to the jury.

6. Same—Conduct of Counsel.

Counsel for plaintiff, in the argument, referred to the wreck,
and to the fact that it was caused by a blunder on the part of
defendant. An exception having been taken to the remark,
counsel withdrew it, and asked the jury not to consider it; and

the court stated that it was an improper remark, and ought
to be withdrawn. *Held,* that the remark was not prejudicial
error.

7. SAME—INSTRUCTIONS.

The court having, by its instructions, clearly limited plaintiff's
recovery to such sum as would compensate him for his ser-
vices, a refusal to instruct that neither plaintiff nor any num-
ber of physicians could fix upon an arbitrary amount to be
charged therefor was not error.

8. SAME.

An instruction that it did not make any difference how many
people plaintiff attended,—that he was only entitled to rea-
sonable compensation for the time expended by virtue of his
employment,—was properly refused.

Error to Alpena; Emerick, J. Submitted October 9,
1903. (Docket No. 34.) Decided January 5, 1904.

*Assumpsit* by Edward E. McKnight against the Detroit
& Mackinac Railway Company for services rendered.
From a judgment for plaintiff, defendant brings error.
Affirmed.

*Charles R. Henry,* for appellant.

*Collins & D'Aigle* and *I. S. Canfield,* for appellee.

MONTGOMERY, J. This is an action of *assumpsit,*
brought by plaintiff in the circuit court for the county of
Alpena, to recover for medical and surgical services ren-
dered by him and his assignor, William A. Secrist. On
June 8, 1902, at about 8 o'clock a. m., defendant's excur-
sion train left Alpena for East Saginaw, and ran off the
track and was wrecked at Black River, 24 miles from Al-
pena. A large number of persons were injured, and one
killed, in the wreck. A number of physicians, among
whom were plaintiff and his assignor, Dr. William A. Se-
crist, were immediately procured by defendant, and left
Alpena on a special train for Black River to attend to the
wounded. On arriving at Black River, plaintiff and Dr.
Secrist gave their immediate attention to those who wer

the most seriously injured, in the presence of Mr. C. W. Luce, the superintendent 'of defendant. After having been made as comfortable as possible, the injured were taken on a special train back to Alpena, under the care of the physicians. Some were taken to their homes; others, to the Alpena hospital. At Alpena some of the patients who had been temporarily attended by other physicians at Black River fell into the hands of plaintiff and Dr. Secrist, who attended them until they were cured, which increased the number of their patients to 15. And for the care and treatment of those patients the plaintiff claims, according to the amount sworn to by him and Dr. Secrist, $941. The controversy on the trial was confined to the question of the reasonableness of the charges made by plaintiff and Dr. Secrist. Error is assigned upon rulings of the court in receiving evidence objected to, and excluding testimony offered by the defense. Error is also assigned upon remarks by plaintiff's counsel, and upon the refusal of the court to give certain requests of the defendant.

Dr. Bertram was a witness for the defendant, and was one of the surgeons at Black River on the day of the accident. He testified that he attended about 15 patients; that some he had charge of two weeks, and some three or four; and that he had settled with the company for his services. He was then asked what he received from the company for his services on the 8th and 9th of June. This was objected to and excluded. We think no error was committed in this ruling. The doctor was permitted to testify fully as to the reasonableness of the plaintiff's charges, and evidence of what he received for the services he rendered would have opened the question as to how his services compared with the plaintiff's, and would have involved the trial of an additional case.

Plaintiff, on the cross-examination of this and other witnesses of the defense, showed to the witnesses a statement which was substantially a copy of the bill of particulars of the plaintiff for services rendered, and the witnesses were asked whether they had not, when this paper

had been exhibited to them previous to the trial, stated that the charges contained therein were reasonable; and, after showing that such statements had been made, the paper was offered in evidence and received. Error is assigned upon this ruling. The circuit judge limited the testimony to the single purpose of contradicting the witnesses, and for this purpose we think it was competent.

Error is also assigned upon the ruling admitting the testimony of Dr. Dunlop, who testified that he had heard the greater part of the testimony of Drs. McKnight and Secrist as to the services rendered by them on various occasions, and the amount of the charges for such services, and he was asked whether the charges were reasonable and just. This was objected to as incompetent on the ground that the physician did not see the people treated. It is argued in the brief of counsel that the question should have been excluded because it did not appear that the doctor was acquainted with all the facts and circumstances relating to the treatment. We do not think this point was directed to the attention of the trial court. That it was competent to call for the opinion of the witness upon the hypothetical state of facts is perfectly clear, and it was the duty of the defendant's counsel to put his objection upon the ground now urged if he expected this court to consider this point.

One Ernest Legatski was, among others, injured in the wreck, and was treated by Drs. McKnight and Secrist. He was called to the stand as a witness for the defendant, and was asked to exhibit his leg to the jury. This he declined to do, and the court refused to compel him to do so. Error is assigned upon this ruling. We think this ruling was correct. The case is quite unlike the case of *Graves* v. *City of Battle Creek*, 95 Mich. 266 (54 N. W. 757, 19 L. R. A. 641, 35 Am. St. Rep. 561), as in that case the question was whether a party to an action could be required to submit her arm at the point of the alleged fracture, where such exhibition would cause no shock to the sense of delicacy. This decision was rested upon the

ground that, where a person appeals for justice, he impliedly agrees in advance to make any disclosure that may be necessary to be made in order that justice may be done. This witness occupied no such relation to the cause, and himself objected to exhibiting his leg, and the circuit court correctly ruled that he had the right to so object.

It is strenuously insisted that the case should be reversed on the ground of misconduct of counsel. Counsel for plaintiff, in the argument, referred to the wreck at Black River, and to the fact that it was caused by a blunder on the part of the defendant. When this statement was made, the following occurred:

" *Mr. Henry:* I want an exception to that remark.

" *The Court:* Well, I will remember it.

" *Mr. Canfield:* I will say, your honor, that, if Mr. Henry takes an exception to it, I withdraw it. I do not care whether they blundered or not. So far as my stating that they did blunder, I withdraw it, and ask the jury not to consider it.

" *Mr. Henry:* I desire an exception to the fact that he stated that somebody blundered.

" *The Court:* I cannot give you an exception, because I instruct the jury here, now, that there is no evidence in the case that any one blundered, and it was an improper remark, and counsel will withdraw it.

" *Mr. Canfield:* Recognizing it as such.

" *The Court:* Yes."

From this colloquy the jury could not fail to understand that the question of whether anybody blundered in connection with the wreck was wholly foreign to the issue before them. Not only this, but the counsel who made the remark withdrew it, and asked the jury not to consider it. The court characterized it as an improper remark, and the counsel withdrew it, recognizing it as an improper remark. Nothing more could have been done, except to stop the case and discharge the jury. True, this is not the final test; but it would seem a reflection upon the intelligence of the jury to assume that, after the plaintiff's counsel had thus acknowledged his fault and

withdrawn the remark, they would still give weight to this argument. I cannot bring myself to believe that this remark could have affected the result.

Counsel for the defendant presented two requests:

"*Second.* There were no amounts ever agreed upon by and between the plaintiff and the defendant for the services performed or to be performed, and, if the defendant is liable at all for any professional services rendered by the plaintiff or by Dr. Secrist, it is only liable in such an amount as would be reasonable and fair under all the circumstances. The plaintiff has not the right to fix an arbitrary fee, nor can any number of physicians agree upon a fee to be charged. They are entitled to receive, if anything, what their professional services are worth in the community in which they rendered them, and no more.

"*Third.* If the defendant in this suit is liable at all, it does not make any difference how many different individuals plaintiff attended. The plaintiff was rendering professional services for the defendant, and the fact that he spent a portion of his time during the day on different individuals does not necessarily give him the right to multiply his fees by the number of individuals treated. You should take into consideration the time that the plaintiff devoted to the individuals, the amount of professional services rendered, and pay plaintiff and his assignor such a sum as would fairly and reasonably compensate them for the time they devoted to the patients for which the defendant is liable."

Error is assigned upon the failure of the circuit judge to give these requests. The circuit judge charged the jury, in substance, that, in estimating the value of a physician's services, they should consider the professional skill and the experience of the physician, the nature and character of the services rendered, the difficulties and the nature of the case, and the amount of services rendered, and clearly limited the recovery to such a sum as, upon the evidence, the jury should find would compensate the plaintiff for the services rendered in this case. We think this sufficiently covered all that the defendant, by the first request above quoted, had the right to have given to the jury. It necessarily excluded the fact that an arbitrary

fee might be fixed by the plaintiff or by any number of physicians; and, had the request been given, it might have led the jury to believe that the purpose was to discredit the testimony of the witnesses for the plaintiff, who were physicians, and who had substantially agreed as to the value of the plaintiff's services.

The other request involves the view that the plaintiff in this case, being called in the manner in which he was, was working by day's work. We think this was not necessarily the character of the employment, but that he and his assignor were called to render such services as were necessary to the injured parties.

We discover no prejudicial error, and the judgment will be affirmed.

The other Justices concurred.