CLARENCE FINK, by next Friend, Louis Fink,
Respondent, v. KANSAS CITY SOUTHERN
RAILWAY COMPANY, Appellant.

Springfield Court of Appeals, March 3, 1913.

1. APPEAL: Opinion of Court on Previous Appeal of Case: In-
struction Corresponding with, Proper. An instruction which
was held to be erroneous on a former appeal and which on a
retrial was corrected to correspond with the views of the court
expressed in the previous opinion, was properly given on a re-
trial of the case.

2. ABANDONED PLEADINGS: Admissible in Evidence for What
Purpose. Abandoned pleadings are competent against the par-
ties to the litigation as admissions.

3. PLEADING: Testimony of Party Filing: When Contradictory.
Assuming that a pleading filed at the instance of a witness is
admissible for the purpose of contradicting such witness, yet
the testimony proposed to be contradicted by the pleading must
really be inconsistent with the allegations of such pleading.

Appeal from Jasper Circuit Court. Division Num-
ber One.—*Hon. Joseph D. Perkins,* Judge.

AFFIRMED.

*Cyrus Crane, J. W. McAntire, O. L. Cravens* for
appellant.

(1) Instruction number 1 given for plaintiff is
erroneous. Fink v. Railroad, 161 Mo. App. 330; Gran-
ey v. Railroad, 140 Mo. 89, s. c. 157 Mo. 666; Riden-
hour v. Railway, 131 Mo. 270, 287; Spilland v. Rail-
road, 131 Mo. 414, 426; Payne v. Railroad, 136 Mo.
562; Herdt v. Koenig, 137 Mo. App. 589; Stegmann v.
Gerber, 146 Mo. App. 104; Henry v. Railroad, 141
Mo. App. 351; Longree v. Mfg. Co., 120 Mo. App. 478;
Fry v. Transit Co., 111 Mo. App. 324; Cherry v. Rail-
road, 163 Mo. App. 53; Waters v. Kansas City, 94
Mo. App. 413; Klein v. Transit Co., 117 Mo. App. 691;

Simon v. Railway, 231 Mo. 65; Glaser v. Rothschild, 221 Mo. 180; Coffee v. Carthage, 186 Mo. 583; Crow v. Railroad, 212 Mo. 589; Coal Co. v. Railroad, 35 Mo. 84; Bond v. Railroad, 122 Mo. App. 207; Kuperschmid v. Railroad, 70 Mo. App. 438; Railway v. Sibley, 68 S. W. (Tex.) 516; Railway v. Berry, 72 S. W. (Tex.) 423; Day v. Railway, 81 Mo. App. 471. (2) The court erred in excluding the petitions filed by plaintiff in the first case. Sotebier v. Transit Co., 203 Mo. 702; Short v. Bohle, 64 Mo. App. 242; Milling Co. v. White Line, 122 Mo. 258; Woolen Mills v. Meyers, 43 Mo. App. 124; State v. Terry, 106 Mo. 209.

*Thomas & Hackney* for respondent.

(1) Plaintiff's instruction No. 1, defining the degree of care required of the plaintiff, who at the time of the injury was shown by the evidence to be ten years old, specified it as "such care as a person of his age, capacity, intelligence and experience at the time would ordinarily exercise under like or similar circumstances." This instruction given on the second trial was in full harmony with the decision of this court on the former appeal, and also with the last controlling decisions of the Supreme Court. Burger v. Railroad, 112 Mo. 238; Anderson v. Railroad, 161 Mo. 411; Obermeyer v. Chair Co., 229 Mo. 106. (2) Instruction No. 1 given for plaintiff is not obnoxious to the criticism lodged against it by appellant to the effect that it assumed controverted facts. The introductory clause of the instruction, by which the court told the jury "that if they (the jury) found from the greater weight or preponderance of the evidence, that," etc., together with the clause "and if you further find that," etc., repeated at intervals throughout the instruction, qualified the residue of the instruction, and submitted every fact therein stated for the finding of the jury. Wills v. Railroad, 44 Mo. App. 57; Geary v. Rail-

road, 138 Mo. 260; Dammann v. St. Louis, 152 Mo. 198; Phippin v. Railroad, 196 Mo. 348; O'Connell v. Railroad, 106 Mo. 487; State v. Grayor, 89 Mo. 605; Kinlen v. Railroad, 216 Mo. 161. (3) The petition in the former suit was properly excluded when offered in evidence by defendant. This court on the former appeal expressly held that plaintiff was not bound by any statement in this petition. Fink v. Railroad, 161 Mo. App. 314. (4) The decision on the former appeal of this case is *res judicata* as to all questions pertaining to the liability of the defendant under the facts shown in the evidence. The case was tried in conformity to the previous decision of this court and there is no reasonable pretense of prejudicial error having been committed on the trial against the rights of the defendant. Hayward v. Smith, 187 Mo. 464; Tool Co. v. Spring Co., 146 Mo. App. 1; Barrie v. Transit Co., 119 Mo. App. 38; Dunn v. Nicholson, 125 Mo. App. 725.

ROBERTSON, P. J.—This is a second appeal in this case and the opinion when it was here before is found in 161 Mo. App. 314, 143 S. W. 568, which fully states the facts not materially different from those developed on the second trial.

The only errors assigned by the appellant are as follows:

"1st. Instruction No. 1 given for plaintiff is erroneous.

2nd. The court erred in excluding the petitions filed by the plaintiff in the first case."

When the case was here before it was reversed on account of an error in the first instruction and as the correction was made in that instruction when the case was tried the second time, in accordance with the views of this court in the previous opinion, we are relieved of the necessity of any further consideration of the first assignment of error.

Referring to the previous opinion of this court it will· be observed that reference is made to the action of the court in refusing to admit the petition and the amendment thereof filed in another action, and when the case was being tried the second time the defendant offered the original petition in that suit (the substance of which is set out in the former opinion of this court at page 321) "for the purpose not only of binding the plaintiff in this case but for the further purpose of contradicting the father of the plaintiff who testified in this case." Thus incorporating and imposing a purpose for which this court has decided it could not be used. The amended petition (the allegations of which with reference to the position of the boy when the accident occurred are the same as in the original adding, only on this feature of the case, that when the boy dodged he was drawn under the · train instead of that he slipped and fell under the train) was offered "for the sole purpose of contradicting the testimony of Louis Fink in this case as to his knowledge of and testimony as to the statements made by his son at the freight depot."

The defendant placed two witnesses on the stand who testified that immediately after the accident occurred the boy was carried to the freight house of defendant and that when his father, Louis Fink, appeared there the boy, in telling his father about the accident, stated that the brakeman threw something at him and he dodged and fell under the train. The only testimony of the father, Louis Fink, that has been pointed out to us in the record and that we have been able to find upon this feature of the contention that the amended petition should have been admitted in evidence was to the effect that when he arrived at the depot he asked the boy how he got hurt, and that he was then asked this question:

"He told you that he was standing between two cars and that the brakie threw something at him and

he went to dodge and he was sucked under the train, didn't he?'' To which he answered: ''No, sir.''

This question and answer is not contradicted by the testimony of the two witnesses above referred to, who in their testimony stated that the boy said to his father at the freight depot that he fell under the train.

The earliest decision of the Supreme Court of this State which we have found upon the subject of the admission of abandoned pleadings is that of Dowzelot v. Rawlings, 58 Mo. 75, 77, and is only to the effect that they are competent against the parties to the litigation as admissions. In the case of Snyder v. Railroad, 112 Mo. 527, 541, 20 S. W. 885, it was held that they are competent ''against the party making it as an admission.''

The judgment of the trial court is affirmed. All concur.