CARMEN TORRES, by Her Next Friend and Natural Guardian, Francisco Torres,

*v.*

LUIS RUBERT Y CATALÁ, ETC.

San Juan, Law, No. 965.

As to Physical Examination.

Physical Examination—Precedent.
 1. The fact that the court had previously by consent ordered a physical examination of the defendant at the request of the plaintiff is not to be considered a precedent in another case, when the matter is opposed.

State Decisions—Not Controlling.
 2. The fact that state decisions authorize physical examination is not controlling upon Federal courts.

Physical Examination—Federal Practice.
 3. The Federal rule is that the court cannot order a plaintiff in an action for personal injuries to submit to a surgical examination in advance of the trial, and the same principle applies to an application for such examination, where it is alleged that the injury has made the plaintiff an idiot.

Torres v. Rubert y Catalá.

District Court of Porto Rico—Constitution.

    4. The fact that the district court of the United States for Porto Rico is created by a special act of Congress, and not by the Constitution of the United States, does not affect its general powers as to rules of practice. Difference of origin makes no difference in the powers which are expressly granted.

Opinion filed December 1, 1913.

*Mr. Francis Neagle* for plaintiff.

*Mr. Francis H. Dexter* for defendants.

HAMILTON, Judge, delivered the following opinion:

A motion was made in this case for an order of court requiring the plaintiff to submit to a physical examination by competent experts, and the matter was argued and briefs submitted on both sides.

1. It seems that this court, on at least one previous occasion, made an order to this effect for the physical examination of the plaintiff in a damage suit. The order, however, was made without opposition by the plaintiff, and amounted in effect to a consent order, so that it furnishes no precedent whatever, one way or the other, when the matter is contested. In this case there is no consent. The plaintiff opposes it, and cites several authorities.

2. The point is not without difficulty, and the court has examined it with care. In the supreme court of Georgia, in

the case of Richmond & D. R. Co. v. Childress, 82 Ga. 719, 3 L.R.A. 808, 14 Am. St. Rep. 189, 9 S. E. 602, there is a decision by Chief Justice Bleckley, whose reputation is deservedly high, in which he adopts the reasoning in 1 Thompson on Trials, § 859, to the effect that the parties are within the control of the court, and that the court therefore has power in a proper case to order an inspection of the body of the plaintiff or person injured, for the purpose of ascertaining the nature and extent of the injuries. It seems that in Georgia there is also a section of the Code, § 206, which the court construed as giving this authority, and similar decisions have been made in a number of states, beginning with the supreme court of Iowa in a case decided in 1877. The western and southern states have followed that extensively, but it seems that this court is not controlled by the state decisions as to this and as to a great many other points of practice.

3. In the case of the Union P. R. Co. v. Botsford, 141 U. S. 250, 35 L. ed. 734, 11 Sup. Ct. Rep. 1000, the court goes into the matter at length, and by Mr. Justice Gray decides that a court of the United States cannot order a plaintiff in an action for an injury to the person to submit to a surgical examination in advance of the trial. The case at bar is a little different in some details. This is not so much a surgical examination as it is an examination by a physician. It is claimed in this case that the child was so injured as to become an idiot. Nevertheless, it does not seem that the fact that the child is an idiot, if that be a fact, changes the rights that she would have if she had an arm crushed. This decision would control all United States courts, and would seem to cover the case completely.

4. It is urged, however, that this court is not within the purview of that decision, because it is not a constitutional court. That point comes up now and then, and it may be well enough to say that, in the opinion of this court, it is more a technical than a real distinction. This court, under the Foraker act, is given all the powers and duties of other district courts of the United States. The expression "not a constitutional court," used in some decisions of the Supreme Court, in referring to this court, does not refer so much to the powers and duties of the court as to its origin. The distinction simply is that this is not—and we of course know it is not—a court of the United States within the mainland division of the United States. Whatever may be the status of Porto Rico, it is not a state of the American Union. It is not clear how this difference of origin could make any distinction between other Federal courts and this court as to matters of practice. No matter whether it comes under the Constitution or not, the act of Congress constituting this court expressly says that its powers and duties are the same as those of other district courts of the United States, however originated. And the court would hold, for the purposes of the application now before the court certainly, that this court comes under the decision in 141 U. S. above mentioned. The motion for a physical examination is therefore denied.